**Appeal Dismissed and Memorandum Opinion filed August 22, 2019.**



**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-19-00251-CV

**DARYL BARNES AND DEMEATRICE GOFF, Appellants**

**V.**

**RENTERS WAREHOUSE PROFESSIONAL LANDLORDS OF HOUSTON, Appellee**

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-60432**

## MEMORANDUM OPINION

This is an attempted appeal from an order signed by the trial court on February 25, 2019, regarding the motion to reinstate filed by plaintiffs/appellants Daryl Barnes and Demeatrice Goff ("Order Regarding Reinstatement").

BACKGROUND

Plaintiffs initiated the underlying suit on September 6, 2018 by filing an original petition seeking to enjoin defendant Renters Warehouse Professional Landlords of Houston from evicting them. They also filed an affidavit of inability to pay costs. The trial court granted a temporary restraining order the following day and scheduled a hearing for September 21, 2018. Because defendant had not been served by September 21, 2018, plaintiffs passed that hearing. Service was made on October 3, 2018.

The trial court signed a second temporary restraining order on October 18, 2018 and scheduled a hearing for October 26, 2018. On the day of the hearing, defendant answered and moved to dissolve the temporary restraining order. Following an October 30, 2018 hearing on defendant's motion, the trial court signed an order dissolving the temporary restraining order.

On November 14, 2018, plaintiffs set a hearing for their "Application for Court of Inquiry," which they had filed on October 3, 2018. The hearing was scheduled for November 16, 2018. Plaintiffs failed to appear for that hearing. The trial court signed an order that day dismissing the case for want of prosecution ("Order of Dismissal"). The Order of Dismissal states in its entirety: "The above referenced case is hereby Dismissed for Want of Prosecution for Plaintiffs['] failure to attend the hearings scheduled for November 16, 2018 in this cause."

Plaintiffs filed a motion to reinstate on January 10, 2019, and they filed another one on January 25, 2019. They set the latter motion motions to be heard on February 25, 2019. The motion was not heard, but it is unclear if plaintiffs passed the hearing or the trial court cancelled it in light of signing the Order Regarding Reinstatement. In the Order Regarding Reinstatement, the trial court concludes:

Plaintiffs' Motion [to Reinstate] had to be filed within 30 days of the

[November 16, 2018] dismissal and is accordingly untimely filed. For that reason, the Court's power to grant plaintiffs the relief they seek has expired and thus can not be granted.

It appeared the Order of Dismissal was the appealable order, even though plaintiffs appealed from the Order Regarding Reinstatement. However, the Order Regarding Dismissal lacks decretal language.[1] We abated the appeal on June 11, 2019, to permit clarification by the trial court as to whether the Order of Dismissal was intended to be final. *See* Tex. R. App. P. 27.2; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

The trial court signed an order on July 15, 2019 ("the Order Regarding Finality"). The Order Regarding Finality indicates a hearing was scheduled to occur on June 28, 2019, in response to our abatement order, but plaintiffs did not appear. After recounting the procedural history of the case, the trial court concludes in the Order Regarding Finality: "To the extent, the Court of Appeals remains uncertain of this Court's intent, the Court opines that [the Order of Dismissal] was final."

## ANALYSIS

A judgment is final if it disposes of all parties and claims. *Lehmann*, 39 S.W.3d at 195. Because a final judgment need not be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case. *Id.*

The Order of Dismissal states the "case" is dismissed for want of prosecution. Plaintiffs and defendant are the only parties in the case, so dismissal of the case

---

[1] In the Order Regarding Dismissal, the trial court does not assess costs, another indicator of the finality of the Order Regarding Dismissal. However, plaintiffs filed an affidavit of inability to pay costs, and no order requiring them to pay costs under Texas Rule of Civil Procedure 145 appears to have been signed. Without such an order, plaintiffs cannot be required to pay costs. *See* Tex. R. Civ. P. 145(f). A provision in a judgment requiring them to pay costs would be void. *See* Tex. R. Civ. P. 145(j).

necessarily disposes of all parties. Likewise, the Order of Dismissal does not limit dismissal to a particular claim, so dismissal of the "case" disposes of all claims. We conclude the Order of Dismissal is a final judgment. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.) ("On its face, the trial court's . . . dismissal order disposed of all claims and all parties by dismissing the case for want of prosecution. . . . [T]he dismissal order was a final judgment that triggered Brashear's appellate deadlines. . . ."); *2000 IIG, Inc. v. Rockfort Builders, Inc.*, No. 14-17-00009-CV, 2018 WL 2106601, at *2 (Tex. App.—Houston [14th Dist.] May 8, 2018, no pet.) (mem. op.) (concluding order of dismissal disposing all remaining claims and counterclaims for want of prosecution was final and appealable order).

A motion for reinstatement following a dismissal for want of prosecution is governed by Texas Rule of Civil Procedure 165a(3). A motion for reinstatement must be filed within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. Tex. R. Civ. P. 165a(3). Rule 306a provides a procedure for extending appellate deadlines when a party did not receive notice of a judgment or appealable order. *See generally* Tex. R. Civ. P. 306a. There is no suggestion in the record that plaintiffs complied with the procedures of Rule 306a.

The Order of Dismissal was signed November 16, 2018. The thirtieth day after that date was Sunday, December 16, 2018. If the day by which an act must be done is a Saturday, Sunday, or legal holiday, the deadline is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday. Tex. R. Civ. P. 4.1(b). Accordingly, a motion to reinstate had to be filed no later than Monday, December 17, 2018. Appellants' motion to reinstate, filed January 10, 2019, is untimely. Appellants did not file a motion for new trial under Rule 329b. Such a motion also was due within 30 days after the Order of Dismissal was signed. Because no motion

4

for new trial was filed, the trial court's plenary power expired 30 days after the Order of Dismissal was signed.

The notice of appeal must be filed within 30 days after the judgment is signed when, as in this case, no timely post-judgment motion is filed. *See* Tex. R. App. P. 26.1. Appellants did not file their notice of appeal until March 22, 2019.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellants' notice of appeal was not filed within the 15-day period provided by Rule 26.3.

A court of appeals lacks jurisdiction to hear an appeal that was not timely perfected. When the court lacks jurisdiction, it must dismiss the appeal. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

On July 25, 2019, notification was transmitted to all parties of the court's intention to dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellants filed no response.

The appeal is dismissed for lack of appellate jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.